AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District _Northern District of Alabama_ |
|---|---|
| Name (under which you were convicted): _Raymon Harris_ | Docket or Case No.: _7:17-CR-00145-LSC-HNJ_ |
| Place of Confinement: _Yazoo City Federal Correctional Complex-Medium_ | Prisoner No.: _35189-001_ |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. _Raymon Marquell Harris_ | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   _U.S. District Court, N. District of Alabama, West. Div., Tuscaloosa, Al._

   (b) Criminal docket or case number (if you know): _7:17-CR-00145-LSC-HNJ_

2. (a) Date of the judgment of conviction (if you know): _07/20/2017_
   (b) Date of sentencing: _03/29/2018_

3. Length of sentence: _210 months_

4. Nature of crime (all counts):

   _Felon in Possession of a Firearm - 18 U.S.C. §922(g)(1)_

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   _N/A_

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐ - N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals, For the 11th Circuit
   (b) Docket or case number (if you know): No 18-11513-CC
   (c) Result: Affirmed
   (d) Date of result (if you know): October 29, 2019
   (e) Citation to the case (if you know): U.S.A. v Raymon Marquell Harris
   (f) Grounds raised: Appellant Appealed his 210 month sentence which was enhanced under the Armed Career Criminal Act based, in part, on Appellant's prior conviction for Attempted 1st degree Assault under Alabama Code § 13-A-6-20(a) which the district court counted as a 'violent felony'. Appellant Argued that the District Court erred in concluding that this Alabama conviction qualified as a violent felony because the transcript of the plea colloquy from his state conviction did not qualify as a Shepard document, and it was not established which subsection of §13A-6-20(a) he pled guilty, and that some of the prongs do not qualify.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A

   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised:

   N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
         Yes ☐    No ☐ - N/A
    (7) Result: N/A
    (8) Date of result (if you know): N/A
 (b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: N/A
    (2) Docket of case number (if you know): N/A
    (3) Date of filing (if you know): N/A
    (4) Nature of the proceeding: N/A
    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
         Yes ☐    No ☐ - N/A
    (7) Result: N/A
    (8) Date of result (if you know): N/A
 (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☐ - N/A
    (2) Second petition:    Yes ☐    No ☐ - N/A
 (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: PETITIONER NEVER ASSENTED, AS ERRONEOUSLY alleged by the Government, to the State's factual proffer supporting his Alabama §13A-6-20(a) conviction recited at the State plea colloquy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because of the above, the District Court shouldn't had been able to look at the factual foundation in order to determine which offense he pled guilty to. However, this argument was only raised the first time on Appeal, by counsel. Counsel had argued in district court that the facts, as accepted, still failed to establish to which subsection he pled guilty to. Moreover, counsel failed in the District Court Sentencing proceedings to object to the PSI inclusion of the factual basis for his attempted first-degree assault conviction or to any of the specific facts contained therein. By failing to object in both instances cited above, Defense counsel was ineffective in his Representation of Petitioner, as defined in Strickland v. Washington, the landmark Supreme Court case which establishes what constitutes ineffective assistance of counsel. Had this ineffectiveness on the part of Petitioner's counsel not occurred, and the objections properly raised by counsel, a very different outcome on appeal would under relevant case law been an arguable Realization, and thus Defense Counsel's ineffectiveness substantially affected the outcome.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:
The issue of the factual foundation was raised on Appeal, but because of the fact counsel did not raise it at the District Court level, the Appeals Court Refused to consider it. The ineffective dimension of the issue is a new issue.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐  - N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐  - N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐  - N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND TWO:** Petitioner was misled into pleading guilty due to Ineffective Assistance of Counsel, thus Rendering his plea involuntary.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner, due to ineffective assistance of counsel, was misled into pleading guilty. Prior to Petitioner's plea colloquy, on July 20, 2017, Petitioner had been told by Counsel that the ACCA Enhancement did not apply to him. At the Plea colloquy, Judge Coogler asked Petitioner if he knew enough about the ACCA to understand whether it applied to him or not. Defendant said he did understand, and based on what counsel had advised, and stipulations counsel had made to the Court, believed it did not. If Petitioner had been told, clearly, by Counsel that the Guideline Range of 51-63 months was not the only thing on the table, but that Petitioner was possibly, even with a plea, possibly looking at 15 years to life under the ACCA because of prior convictions. Petitioner would have never agreed to plead guilty. Petitioner was never clearly told this fact by Counsel. Counsel was adamant with Petitioner right up to the day the plea was accepted by the Court that all Petitioner was facing was the, at worst, the statutory max of 10 years for violation of §922(g)(1) and, more likely, a Guideline Sentence of 51-63 months. As the subsequent Sentencing Hearing proved, where Petitioner received 210 months, this was clearly erroneous advice from Counsel, and clearly ineffective assistance of counsel.

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:
       Ineffective issues are properly raised on collateral attack

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐ - N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐ - N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐ - N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:** The Government never alleged at indictment or proved that Defendant was aware that he was a felon, and was aware of such.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The conviction via guilty plea for 922(g)(1) is defective in that Petitioner did not make it intelligently and is invalid if neither the Defendant, nor his counsel, nor the Court correctly understood the essential elements of the crime with which he was charged. Petitioner did not receive real notice of the nature of the charge against him. The US Supreme Court recognized in 922(g)(1) cases that the Government must allege and prove that a Defendant knew he belonged to the relevant category of persons barred from possessing a firearm. Rehaif v. U.S., 139 S.Ct. 2191, (2019). In Petitioner's case, the Government never alleged at indictment or proved that Defendant was aware that he was a member of a prohibited class, it was just merely stated in the indictment that the Defendant was a convicted felon. Petitioner asserts he lacked that know-

ledge, had no *MENS REA* in regards to 922(g)(1) parameters pertaining to his status, and therefore is actually innocent. The factual basis of Petitioner's guilty plea to the 922(g)(1) count is undermined and has thus rendered Petitioner's guilty plea, and conviction thereunder, obtained under false pretenses, a violation of Constitutional due process, and thus unsupportable.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Counsel was ineffective, whether the Supreme Court has Ruled on Rehaif or not, since this issue has been raised before in cases in Federal Court.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐ - N/A

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐ - N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐ - N/A

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

GROUND FOUR: Counsel was ineffective in not filing a petition for Rehearing, Rehearing Enbanc, or Petition for Certiorari.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When Petitioner was told in October of 2019 that the 11th Circuit Court of Appeals had affirmed his conviction and sentence, he immediately instructed counsel to proceed to the next step, a petition for Rehearing. Instead, his counsel refused to do so, citing United States v Austin, 513 U.S. 5 (1994), and Add. 4SS(F)(4) And 5 of 11th Cir. Rules. This citation implies, on a Reading of Austin, that Petitioner's claims are frivolous, but Counsel never informed Petitioner that his claims are frivolous, it is evident that reasonable jurors could argue as to whether the ACCA applies to Petitioner. To deny Petitioner the fundamental Right to continue to Appeal his case is a violation of Constitutional due process, and is ineffective assistance of counsel on the part of Petitioner's legal Representatives.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Is issue of ineffectiveness properly Raised on §2255.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐ — N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐ — N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐ — N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, - Ground 2, Ground 3, Ground 4, - because they center around ineffective assistance of counsel issues, as well as the ineffective dimension of Ground 1, properly raised in a §2255 collateral attack.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Throughout these Proceedings, Defendant-Appellant was Represen-
    (b) At the arraignment and plea:
    ted by the Office of the Federal Public Defender
    (c) At the trial:
    Northern District of Alabama
    (d) At sentencing:
    200 Clinton Avenue, West. Suite 503
    (e) On appeal:
    Huntsville, AL 35801
    (f) In any post-conviction proceeding:
    Attorneys Involved: Adam Danneman, Kevin L. Butler,
    (g) On appeal from any ruling against you in a post-conviction proceeding:
    Allison Case, and Alexandria Darby

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    
    N/A
    
    (b) Give the date the other sentence was imposed:  N/A
    (c) Give the length of the other sentence:  N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐  — N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This Motion is timely for the purposes of AEDPA based on the date the judgment of conviction became final - October 29, 2019.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
( ~~[redacted]~~ ) *(see Attached Prayer For Relief)*

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __7-1-2020__ (date).

*Raymen Harris*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## Prayer For Relief

Petitioner would hereby move this Honorable Court to do the following: In light of the multiple due process errors committed to obtain a guilty plea and ACCA Enhancement of a 922(g)(1) case that resulted in Petitioner Receiving a 210 month sentence, and the ineffective assistance of counsel that made this outcome possible, to Strike the ACCA enhancement elements from his sentencing, thus allowing Petitioner to be Re-Sentenced under the statutory limit of 10 years under a standard 922(g)(1) case, and thus subjecting him only to whatever Petitioner's USSG Guideline Range called for, in this case, 51-63 months.

Petitioner posits to the Court that this would be an Equitable Resolution of this mishandled case, and would allow his underlying plea, the one he thought he was making in the first place, to Remain undisturbed.